UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

DEC 2 8 2016
12-28-16
JUDGE SARA L. ELLIS
U.S. DISTRICT COURT

| UNITED STATES OF AMERICA | <u>UNDER SEAL</u> |
|---|---|
| v. | No. 16CR793 |
| MICHAEL PERSAUD | Hon. Sara Ellis<br>Emergency Judge |

**APPLICATION FOR A WARRANT AND ORDER RELATING TO SUBJECT
PHONE 1**

Jessica Romero, an attorney of the United States Department of Justice,

hereby applies to the Court for an order relating to:

    a.    the telephone currently assigned telephone number 619-807-0379, and
used by MICHAEL PERSAUD, with service provided by AT&T
(hereafter, "**Subject Phone 1**").

By this Application, the government requests that this Court enter an Order

granting the following relief:

- Authorizing the installation and use, for a period of 30 days, of a pen
register and trap and trace device on **Subject Phone 1**; and

- Requiring service providers to furnish, for a 30-day period coinciding
with the duration of the pen register authority requested in this
Application, subscriber information for telephone numbers in contact
with **Subject Phone 1**; and

- Requiring service providers to provide, for a period of 30 days, all
information, facilities, and technical assistance needed to ascertain the
physical location of **Subject Phone 1** (the "Requested Location
Information")[1].

---

[1]    Such information shall include but not be limited to per call measurement data
("PCMD"), evolution data optimized ("EVDO"), Internet protocol detail record ("IPDR"),
range-to-tower ("RTT"), tower distance information, data indicating the specific latitude and
longitude and street address of **Subject Phone 1**, as well as records reflecting the cell tower

This Application also requests that this Court's orders and this Application be sealed until further notice of this Court. This application further requests that, pursuant to Title 18, United States Code, Section 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), this Court authorize notice to be delayed until January 26, 2017.

In support of this Application, applicant states the following:

### Authority to Seek Orders

1.     Applicant is an "Attorney for the government" as defined by Federal Rule of Criminal Procedure 1(b)(1)(B) and, therefore, may apply for orders requesting the specified relief pursuant to 18 U.S.C. § 3122 (pen registers and trap-and-trace devices), 18 U.S.C. § 2703 (records concerning electronic communications), and Federal Rule of Criminal Procedure 41 (search warrants).

### Factual Background

2.     Since at least 2013, the FBI has investigating MICHAEL PERSAUD for wire fraud and other offenses.  On or about April 27, 2016, FBI executed a search warrant of PERSAUD's residence at the time, located in San Diego, California, and informed PERSAUD of their investigation.  After April 27, 2016, PERSAUD moved

---

and antenna face used by **Subject Phone 1** at the start and end of any call, and access through any means reasonably available to all location-based services with respect to **Subject Phone 1**, such as "Enhanced 911," precision location information, mobile locator information, GPS, or "pinging."

from San Diego, California and is believed to have re-located to Scottsdale, Arizona. On or about December 8, 2016, a federal grand jury returned a ten count indictment against PERSAUD alleging wire fraud. The indictment identifies three aliases used by PERSAUD in connection with the fraud. An arrest warrant has been issued in the above-captioned case and PERSAUD presently a fugitive.

3.  There is evidence that **Subject Phone 1** has been and will be used meanwhile avoiding execution of an arrest warrant for a criminal offense, namely wire fraud, in violation of Title 18, United States Code, Section 1343 (the "**Subject Offenses**"), and that information concerning the ongoing use and location of **Subject Phone 1** will assist in the location and apprehension of the defendant.

4.  The facts supporting this application are more fully set forth in the attached affidavit of Federal Bureau of Investigation ("FBI") Special Agent Andrew Innocenti.

### Pen Register and Trap & Trace Certifications and Requests

5.  Applicant requests that this Court issue an order pursuant to Title 18, United States Code, §§ 3122-24 authorizing the installation and use of a pen register and trap and trace device for **Subject Phone 1**.

6.  Applicant certifies that: the offenses under investigation include but are not necessarily limited to the **Subject Offenses**; it is believed that MICHAEL PERSAUD is using **Subject Phone 1**; and that the information likely to be obtained from the pen register and trap and trace on **Subject Phone 1**, including direct

connect, push-to-talk, and digital dispatch numbers, is relevant to the ongoing investigation.

7.     Applicant further states that the principal subject of the fugitive investigation presently is MICHAEL PERSAUD.

8.     Applicant requests that this Court issue an order authorizing the installation and use of the pen register to record and decode dialing, routing, addressing, and signaling information transmitted by **Subject Phone 1**, including direct connect, push-to-talk, and digital dispatch numbers, to record the date and time of such transmissions, and to record the length of time the telephone receiver in question is off the hook for incoming or outgoing calls, for a period of 30 days.[2]

---

[2]     This includes "post-cut-through digits," which are any digits that are dialed from **Subject Phone 1** after the initial call setup is completed. For example, "[s]ome post-cut-through dialed digits are telephone numbers, such as when a subject places a calling card, credit card, or collect call by first dialing a long-distance carrier access number and then, after the initial call is 'cut through,' dialing the telephone number of the destination party." *United States Telecom Association v. FCC*, 227 F.3d 450, 462 (D.C. Cir. 2000). That final number sequence is necessary to route the call to the intended party and, therefore, identifies the place or party to which the call is being made. Under these circumstances, the "post-cut-through" digits are the type of information (that is, "dialing, routing, addressing, or signaling" information) specifically authorized by the statute for capture.

    Title 18, United States Code, Section 3121(c), as amended in 2001, affirmed the requirement to "use technology reasonably available" that restricts the collection of information "so as not to include the contents of any wire or electronic communications." This provision implicitly recognizes that the incidental collection of some content may occur despite the use of reasonably available technology to avoid such capture. With regard to the requirement of Section 3121(c) to use technology reasonably available so as not to include the contents of any wire or electronic communications, the government is not aware of any current technological means of separating out post-cut-through dialed digits that constitute call processing and transmission information from those that might constitute call content without losing dialing, routing, addressing, and signaling information that identifies the destination of communications from the subject telephone. If despite the use of reasonably available technology, "post-cut-through" digits are captured that constitute the contents of a

4

9. Applicant further requests that this Court issue an order authorizing the installation and use of a trap and trace device including the feature known as "Caller ID Deluxe" to capture the incoming electronic or other impulses, including the originating telephone in call forwarding, terminating at **Subject Phone 1**, which identify the originating number, or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication, and the date, time and duration of such incoming impulses, for a period of 30 days, and that the trap and trace device be without geographic limits.

10. Applicant further requests that the order direct the government to use technology reasonably available to it that restricts the recording or decoding of electronic or other impulses to the dialing, routing, addressing, and signaling information utilized in the processing and transmitting of wire or electronic communications so as not to include the contents of any wire or electronic communications.

11. Applicant further requests that the order direct the service provider, namely AT&T, to forthwith furnish the information, facilities, and technical assistance necessary to accomplish unobtrusively the installation and use of the pen register and trap and trace devices, including Caller ID Deluxe, with a minimum of interference with the services accorded to the party with respect to whom the

---

communication, the government will make no affirmative investigative use of such information absent appropriate authority.

5

installation and use is to take place, and that reasonable compensation is to be paid by the government for reasonable expenses incurred in providing such information, facilities, and assistance pursuant to Title 18, United States Code, Section 3124(c).

### Request for Prospective Subscriber Information
### Pursuant to 18 U.S.C. § 2703(d)

12.     Applicant further requests that this Court issue an order, pursuant to Section 2703(d) of Title 18, United States Code, directing that any service provider shall provide all information, facilities, and technical assistance necessary to determine the subscriber information set forth in 18 U.S.C. § 2703(c)(2)(A)-(F), specifically, subscriber name, address, local and long distance telephone connection records, length of service (including start date) and types of services utilized, telephone or instrument number or other subscriber number or identity (including but not limited to International Mobile Subscriber Identity number ("IMSI"), International Mobile Equipment Identity number ("IMEI"), and Electronic Serial Number ("ESN") and means and source of payment for service (including any credit card or bank account number), for each outgoing call from and each incoming call to **Subject Phone 1**, for a 30-day period coinciding with the duration of the pen register authority requested in this Application.

13.     Pursuant to 18 U.S.C. § 2703(c)(2), a service provider shall provide such information to a governmental entity if, among other ways, the governmental entity obtains a court order under § 2703(d) requiring such disclosure.

14.     Section 2703(d), in turn, allows the issuance of an order for "records or other information" if the government "offers specific and articulable facts showing there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation."

15.     As explained in the Affidavit, there are specific and articulable facts showing reasonable grounds to believe that subscriber information for incoming and outgoing phone numbers is relevant and material to this investigation.

16.     In a fugitive investigation, subscriber information for incoming and outgoing calls often yields investigative leads relating to:

      a.    the names of individuals associated with, and businesses relevant to, the fugitive;

      b.    the location of "safe houses" and other places of refuge or assistance;

      c.    the identities and locations of family members, friends, and those who have gained a fugitive's affection;

      d.    the identities and locations of sources of funds, modes and means of transportation, businesses used by fugitives, and even the identity of pizza or other food delivery services providing nourishment to the fugitive; and

      e.    the identities of those knowingly providing safe harbor or assistance to the fugitive, who may themselves be charged with concealing a person from arrest or accessory after the fact.

17.     As also explained in the affidavit, obtaining full subscriber information is important to the investigation because, among other things:

      a.    if the subscriber name is a common one and/or the subscriber address is not current, it can be difficult to accurately identify the subscriber without a date of birth, driver's license, or social

security number, especially in an area with a population as large as the Northern District of Illinois;

b.     if the subscriber name and address is fictitious, which frequently is the case when criminals and their associates purchase telephones, all or part of the remaining identification information may be truthful (such as the date of birth for prepaid phones) and may help identify the subscriber or lead to identifying other coconspirators;

c.     by accurately identifying subscribers using the above-requested information, agents can eliminate tangential individuals and businesses as surveillance or intelligence targets, thereby permitting law enforcement officers to focus efforts on high-probability locations and persons;

d.     payment information can provide leads to financial accounts that in turn can be sources of information regarding the fugitive's criminal activities and associates; and

e.     conducting interviews of persons who have had telephonic communication or personal contact with an offender may unearth witnesses or informants able to provide information leading to evidence of the **Subject Offenses** and the arrest of the fugitive

18.     It bears note that § 2703(d) does not require that the government show criminal culpability of the individual who is the subject of the requested information – for example, the subscriber of a phone number that has been in contact with **Subject Phone 1**. Rather, the text of § 2703(d) explicitly requires that the showings necessary to obtain information be evaluated in the context of an "ongoing criminal *investigation*." 18 U.S.C. § 2703(d) (emphasis added). Section 2703(d) states, in pertinent part, that the court shall issue an order requiring disclosure by the service provider if the government offers:

*specific and articulable* facts showing that there are *reasonable grounds to believe* that the . . . records or other information sought, are *relevant and material* to an ongoing criminal *investigation*.

(Emphasis added.) Nothing in the statute requires that the government show – prior to obtaining and evaluating the information – that the information sought is evidence of a crime in the sense of evidence to be introduced at trial.

19.     Rather, the statute measures relevancy and materiality by referring to the term "investigation." As the Supreme Court recognizes in other contexts dealing with subpoenas, "investigation" means the steps that law enforcement takes to determine whether a crime has occurred *or not* – that is, there is no need for a prior showing that the subject of the particular information sought is involved in the crime under investigation because the very purpose of requesting the information is to find out whether the subject has committed a crime. *See United States v. R. Enterprises*, 498 U.S. 292, 297 (1991).

**20.**     Accordingly, Applicant requests that this Court enter an Order, pursuant to 18 U.S.C. § 2703(d), directing that any service provider provide all information, facilities, and technical assistance necessary to determine the subscriber information set forth in 18 U.S.C. § 2703(c)(2) for telephones in contact with **Subject Phone 1** for a period of 30 days.

### Application for Order Authorizing the Seizure of Information Needed to Ascertain the Physical Location of Subject Phone 1 For a Period of 30 Days

21.     Applicant next requests, pursuant to Title 18, United States Code, Section 2703(c)(1)(A) and Rule 41 of the Federal Rules of Criminal Procedure, that

this Court issue an order directing AT&T and any other communication service providers, as defined in 18 U.S.C. § 2510(15), to provide to agents of the Federal Bureau of Investigation, for a period of 30 days, all information, facilities, and technical assistance needed to ascertain the physical location of **Subject Phone 1**, including but not limited to the Requested Location Information.

22.     As set forth in more detail in the Affidavit of Special Agent Andrew Innocenti, there is probable cause to believe that information concerning the location of **Subject Phone 1** at times determined by investigators will constitute or lead to evidence relevant to efforts to apprehend MICHAEL PERSAUD, for whom an arrest warrant has been issued in this case.

23.     Accordingly, Applicant requests that this Court issue an Order directing AT&T and any other communication service providers, as defined in 18 U.S.C. § 2510(15), to disclose, for a period of 30 days, the Requested Location Information concerning **Subject Phone 1**, and to initiate a signal to assist in determining the location of **Subject Phone 1** on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the Federal Bureau of Investigation, and to furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider affords the user of **Subject Phone 1**, at any time of the day or night, owing to the potential need to locate **Subject Phone 1** outside of daytime hours.

**Sealing of this Application and this Court's Orders and Related Relief**

24.     Applicant further requests that this Court issue an Order directing any service provider, and their representatives, agents, and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, to the listed subscriber for **Subject Phone 1**, the subscribers of the incoming calls to or the outgoing calls from **Subject Phone 1**, or to any person, the existence of this Court's orders, in full or redacted form, or of this investigation unless ordered by this Court.

25.     Applicant further requests that this Court order that its Orders and this Application be sealed until further notice of this Court, except that copies of the Orders, in full or redacted form, may be served on law enforcement officers assisting in the investigation and any service provider, their representatives, agents, and employees, as necessary to effectuate this Court's Orders.

26.     Pursuant to Rule 41(f)(3) and Title 18, United States Code, Section 3103a(b), the government further requests permission to delay notification of execution of any Order requested in this Application until January 26, 2017. As set forth in the Affidavit, providing immediate notification of the execution of the Order may have an adverse result as defined at Title 18, United States Code, Section 2705(a)(2), namely endangering the life or physical safety of an individual, flight from prosecution, destruction of or tampering with evidence, and otherwise seriously jeopardizing an investigation. Moreover, as set forth in the Affidavit, there is reasonable necessity for the seizure of the Requested Location Information.

27.    Applicant further requests that execution of any warrant issued with respect to the use of obtaining location information be authorized at any time of the day or night, good cause having been shown.

28.    Applicant further requests that the government be ordered to commence execution of the use of locate within 10 days, and that any warrant issued in this matter shall be returned to this Court.

29.    Finally, Applicant requests that AT&T and any other service provider of wire or electronic communication service, as defined in Section 2510(15) of Title 18, United States Code, shall be compensated by the government at the prevailing rate for the provision of all information, facilities, and technical assistance necessary to execute this Court's order.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on:  December 28, 2016

JESSICA ROMERO
Assistant U.S. Attorney
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

ss

## **AFFIDAVIT**

I, Andrew Innocenti, being duly sworn, state as follows:

### **Background of Affiant**

1.    I am a Special Agent with the Federal Bureau of Investigation ("FBI")
and have been so employed since approximately 2015. As a Special Agent, I am
charged with investigating possible violations of federal criminal law, including
computer crimes, in violation of 18 U.S.C. § 1030 (the Computer Fraud and Abuse
Act). I have received specialized training in those areas.

### **Basis and Purpose of Affidavit**

2.    The information in this Affidavit is based on interviews of witnesses, my
own observations and actions, information received from other law enforcement
agents, my experience and training, and the experience of other agents.

3.    This Affidavit is submitted for the limited purposes of: (1) establishing
that there are specific and articulable facts showing that there are reasonable
grounds to believe that the information sought in the attached Application pursuant
to 18 U.S.C. § 2703 is relevant and material to an ongoing criminal investigation; and
(2) establishing probable cause to believe that a criminal offense has been committed
and that the location information sought in the attached Application (specifically,
information relating to the location of the cellular telephone(s) described immediately

1

below) will lead to relevant and material information in the investigation of the whereabouts of MICHAEL PERSAUD, for whom a warrant has been issued in the above-captioned case and who is presently a fugitive.

4.     Because of the limited purpose of this Affidavit, I have not included all of the facts known to me or other law enforcement officers about the investigation.

## The Subject Phone

5.     The telephone that is the subject of the attached application is:

   a.     the telephone currently assigned telephone number 619-807-0379, and used by MICHAEL PERSAUD, with service provided by AT&T (hereafter, "**Subject Phone 1**").

6.     As further set forth below, there is reason to believe that **Subject Phone 1** has been and will be used in connection with the avoidance of execution of an arrest warrant for a criminal offense, namely wire fraud, in violation of Title 18, United States Code, Section 1343 (the "**Subject Offenses**"), and that information concerning the ongoing use and location of **Subject Phone 1** will assist in the location and apprehension of the defendant.

## Background of the Investigation

7.     On December 8, 2016, a warrant was issued in the above-captioned case for the arrest of MICHAEL PERSAUD after a federal grand jury returned a ten count indictment against PERSAUD alleging wire fraud. The indictment, which was returned under seal, alleges that PERSAUD used three different aliases (Michael

Prescott, Michael Pratt, and Jeff Martinez) as well as corporate entity by the name of Impact Media, LLC, to commit wire fraud.

8.     The FBI has been investigating PERSAUD for wire fraud and other related offenses since in or about 2013.  On or about April 17, 2016, the FBI executed a search warrant of PERSAUD's residence in San Diego, California.  Since then, unbeknownst to the FBI, PERSAUD terminated his lease at his residence in San Diego and appears to have moved to another state.

9.     Based on public records and utilities database checks, I believe that PERSAUD has relocated to a multi-unit apartment complex located in Scottsdale, Arizona.  On or about December 20, 2016, the FBI interviewed an employee for the apartment complex, who indicated that a unit within the complex was being leased in the name of Michael Persaud.  Due to the scale and layout of the apartment complex, the FBI is unable to conduct surveillance of PERSAUD's unit or parking spot without likely making PERSAUD aware of their presence.  Moreover, due to the holiday travel season, the FBI is currently unable to confirm whether PERSAUD is residing or located within the apartment unit.

10.     According to database checks of information provided by telephone service providers, as of November 2016, **Subject Phone 1** is registered in the name of Michael Persaud at an address at Scottsdale, Arizona.

## Planned Investigation

11.     The FBI plans to use the information requested in the attached Application to locate MICHAEL PERSAUD.

12.     The FBI further plans to use the information requested in the attached Application to identify and locate individuals who are in contact with the offender or offenders and may be able to provide information relevant to the investigation.

13.     As set forth above, there is reason to believe that **Subject Phone 1** is being used by a fugitive and that the information likely to be obtained from the use of a pen register and trap and trace device will be relevant to the ongoing investigation and location of the fugitive.

## Relevancy & Materiality of Subscriber Information to the Investigation

14.     Based on my training and experience, I know that information identifying the subscribers of telephone numbers used by persons involved with criminal activity and by those in contact with persons involved with criminal activity (and staying abreast of the subscriber information associated with any service of subscriber change) is likely to yield information that is relevant and material to the investigation.

15.     In a fugitive investigation, subscriber information often yields investigative leads relating to:

>    a.     the names of individuals associated with, and businesses relevant to, the fugitive;

b. the location of "safe houses" and other places of refuge or assistance;

c. the identities and locations of family members, friends, and those who have gained a fugitive's affection;

d. the identities and locations of sources of funds, modes and means of transportation, businesses used by fugitives, and even the identity of pizza or other food delivery services providing nourishment to the fugitive; and

16. the identities of those knowingly providing safe harbor or assistance to the fugitive, who may themselves be charged with concealing a person from arrest or accessory after the fact.

17. Based on my training and experience, I also know that obtaining the subscriber name, address, date of birth, social security number, driver's license information, contact names and numbers, employment information, and method of payment is important to the investigation because, among other things:

a. if the subscriber name is a common one and/or the subscriber address is not current, it can be difficult to accurately identify the subscriber without a date of birth, driver's license, or social security number, especially in an area with a population as large as the Northern District of Illinois;

b. if the subscriber name and address is fictitious, which frequently is the case when criminals and their associates purchase telephones, all or part of the remaining identification information may be truthful (such as the date of birth for prepaid phones) and may help identify the subscriber or lead to identifying other coconspirators;

c. by accurately identifying subscribers using the above-requested information, agents can eliminate tangential individuals and businesses as surveillance or intelligence targets, thereby

permitting law enforcement officers to focus efforts on high-probability locations and persons;

d.    payment information can provide leads to financial accounts that in turn can be sources of information regarding the fugitive's criminal activities and associates; and

18.    conducting interviews of persons who have had telephonic or personal communications with an offender is a basic investigative technique that may unearth witnesses or informants able to provide information leading to the location and arrest of the fugitive.

**Relevancy & Materiality of Phone Location Information**

19.    Based on my training and experience, I believe that there is probable cause to believe that information regarding the location of **Subject Phone 1** namely, from AT&T, all information, facilities, and technical assistance needed to ascertain the physical location of **Subject Phone 1** will constitute or lead to evidence relevant to efforts to apprehend MICHAEL PERSAUD, for whom an arrest warrant has been issued in this case. The ability to obtain real-time information about the location of persons involved in criminal activity is valuable to investigators in several ways. Among other things, it provides evidence regarding the whereabouts of subjects of investigation at times when criminal conduct may be occurring; identifies locations where criminal activity may be occurring, thereby assisting law enforcement agents in establishing surveillance, identifying participants, and identifying locations and vehicles to be searched for physical evidence; and assists in identifying patterns of

activity and movement, as well as relationships among individuals involved in the criminal activity.

20.    All of this information is valuable in attempting to locate a fugitive.

21.    It is important to the investigation to obtain information from location-based services of the service provider beyond what is commonly known as "cell site information" – that is, records reflecting the cell tower and antenna face used by **Subject Phone 1** at the start and end of calls. Cell site information, while useful, typically provides only coarse and non-specific information regarding the location of a telephone based on the coverage area of the cell towers in the vicinity of the phone.

22.    Information obtained from the telecommunications providers using their "Enhanced 911" tools, such as Global Positioning System (GPS) fixes, triangulation, cell-site "pings," received signal strength indicator (RSSI), and timing offset analysis (Doppler-type measurements), precision location information, and mobile locator information, can be much more precise in getting investigators closer to the subject telephone and, thus, to the individual using that telephone. (This process will not intercept the content of any wire communication.) When those location-based services are employed, service providers and law enforcement agents are able to more accurately determine the location of the actual telephone than by using cell site information alone, which typically provides information only about the location of the cell tower and (ordinarily) the direction from which the signal is strongest. In addition, the use of Enhanced 911 and similar technology does not

require that law enforcement officers be located in physical proximity to the target telephone. Because of the investigative importance of obtaining information regarding the location of **Subject Phone 1** at specific times determined by investigators, rather than only at the beginnings and ends of telephone calls, this Application seeks authority for the use of location-based services at times determined by investigators.

### Delayed Notification and Related Relief

23.    There is good cause to permit the seizure of location information relating to **Subject Phone 1**, at any time of the day or night, because of the need to locate the fugitive who is the subject of this investigation at all hours of the day or night.

24. Providing immediate notification of the execution of any warrant requested in the attached application may have an adverse result as defined at Title 18, United States Code, Section 2705(a)(2), namely endangering the life or physical safety of an individual, flight from prosecution, destruction of or tampering with evidence, and otherwise seriously jeopardizing an investigation, in that providing immediate notification of such investigative activities would likely cause PERSAUD to cease using **Subject Phone 1**, and to conceal his whereabouts. Moreover, as set forth above, there is reasonable necessity for the seizure of signal and location information relating to **Subject Phone 1**.

FURTHER AFFIANT SAYETH NOT.

Andrew Innocenti
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
on this 28th day of December, 2016.

NOTARY PUBLIC

OFFICIAL SEAL
BEATA J. PLAZA
Notary Public - State of Illinois
My Commission Expires 7/31/2020

9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | UNDER SEAL |
| | No. 16CR793 |
| v. | |
| | Hon. Sara Ellis |
| MICHAEL PERSAUD | Emergency Judge |

## RETURN AND CERTIFICATION

Date and time that monitoring of location information commenced:


Period during which monitoring of location information was conducted:


I swear that the foregoing is a true and accurate account of the date and time that monitoring of location information commenced and the period during which the monitoring occurred.


_____
Special Agent Andrew Innocenti

Subscribed, sworn to, and returned before me this date: _____

Date


_____
Sara Ellis
Emergency Judge
United States District Court
Northern District of Illinois