

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL PERSAUD | UNDER SEAL<br>No. 16CR793<br><br>Hon. Sara Ellis<br>Emergency Judge |

## WARRANT AND ORDER

THIS MATTER has come before the Court pursuant to an application by Jessica Romero, an attorney for the government, which application relates to:

a.  the telephone currently assigned telephone number 619-807-0379, and used by MICHAEL PERSAUD, with service provided by AT&T (hereafter, "**Subject Phone 1**").

In its Application, the government requests that this Court enter an order granting the following relief:

- Authorizing the installation and use, for a period of 30 days, of a pen register and trap and trace device on **Subject Phone 1**; and

- Requiring service providers to furnish, for a 30-day period coinciding with the duration of the pen register authority requested in this Application, subscriber information for telephone numbers in contact with **Subject Phone 1**; and

- Requiring service providers to provide, for a period of 30 days, all information, facilities, and technical assistance needed to ascertain the physical location of **Subject Phone 1** (the "Requested Location Information")[1].

---

[1]  Such information shall include but not be limited to per call measurement data ("PCMD"), evolution data optimized ("EVDO"), Internet protocol detail record ("IPDR"),

UPON REVIEW OF THE APPLICATION, THIS COURT FINDS THAT:

The Applicant has certified that the information likely to be obtained by use of the pen register and trap and trace on **Subject Phone 1**, with respect to telephone calls as well as direct connect, push-to-talk, and digital dispatch numbers, is relevant to an ongoing criminal investigation into offenses that include but are not necessarily limited to the avoidance of execution of an arrest warrant.

The government has represented that **Subject Phone 1** is used by MICHAEL PERSAUD, and that the principal subject of the fugitive investigation presently is MICHAEL PERSAUD.

Pursuant to Title 18, United States Code, Section 2703(d), the government has set forth specific and articulable facts showing that there are reasonable grounds to believe that subscriber information for **Subject Phone 1** is relevant and material to an ongoing criminal investigation.

---

range-to-tower ("RTT"), tower distance information, data indicating the specific latitude and longitude and street address of **Subject Phone** 1, as well as records reflecting the cell tower and antenna face used by **Subject Phone** 1 at the start and end of any call, and access through any means reasonably available to all location-based services with respect to **Subject Phone** 1, such as "Enhanced 911," precision location information, mobile locator information, GPS, or "pinging."

Pursuant to Title 18, United States Code, Section 2703(c)(1)(A) and Rule 41 of the Federal Rules of Criminal Procedure, the government has established probable cause to believe that information concerning the location of **Subject Phone 1** at times determined by investigators will constitute or lead to evidence of the avoidance of execution of an arrest warrant.

Pursuant to Title 18, United States Code, Section 3103a(b), the Court finds that immediate notification of the execution of the Order requested by the government for the seizure of information concerning the location of **Subject Phone 1** may have an adverse result, as defined in 18 U.S.C. § 2705(a)(2), namely endangering the life or physical safety of an individual, flight from prosecution, destruction of or tampering with evidence, and otherwise seriously jeopardizing an investigation, and that the government has shown reasonable necessity for the seizure of such location information.

Upon consideration of the government's Application and the Court having found probable cause:

IT IS ORDERED, pursuant to Title 18, United States Code, Section 3123, that officers and employees of the Federal Bureau of Investigation, and other authorized law enforcement officers, may install and use a pen register to record and decode dialing, routing, addressing, and signaling information transmitted by **Subject Phone 1**, including direct connect, push-to-talk, and digital dispatch numbers, and also including "post-cut-through" digits, meaning those digits dialed from **Subject**

**Phone 1** after the initial call set-up is completed, subject to the limitations of 18 U.S.C. § 3121(c), to record the date and time of such transmissions, and to record the length of time the telephone receiver in question is off the hook for incoming or outgoing calls, for a period of 30 days, provided that the Federal Bureau of Investigation shall use technology reasonably available to it that restricts the recording or decoding of electronic or other impulses to the dialing, routing, addressing, and signaling information utilized in the processing and transmission of wire or electronic communications so as not to include the contents of any wire or electronic communication.

IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Section 3123 that officers and employees of the Federal Bureau of Investigation may direct AT&T and any other communications service provider to install a trap and trace device, including a caller identification feature known by the trade name "Caller ID Deluxe," on **Subject Phone 1** to capture the incoming electronic or other impulses, including the originating telephone in call forwarding, terminating at **Subject Phone 1**, which identify the originating number, or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of such incoming impulses, for a period of 30 days, and that the trap and trace device be without geographic limits, provided that the Federal Bureau of Investigation shall use technology reasonably available to it that restricts the recording or decoding of electronic or other impulses to the dialing, routing, addressing, and signaling

information utilized in the processing and transmission of wire or electronic communications so as not to include the contents of any wire or electronic communication.

IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Section 3123(b)(2), that AT&T and any other communications service provider shall furnish officers and employees of the Federal Bureau of Investigation forthwith all information, facilities, and technical assistance necessary to accomplish the installation and use of the pen register and trap and trace devices unobtrusively and with a minimum of interference with the services accorded to the party with respect to whom the installation and use is to take place.

IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Section 2703(d), that any service provider shall provide all information, facilities, and technical assistance necessary to determine the subscriber information set forth in 18 U.S.C. § 2703(c)(2)(A)-(F), specifically, subscriber name, address, local and long distance telephone connection records, length of service (including start date) and types of services utilized, telephone or instrument number or other subscriber identification number (including but not limited to International Mobile Subscriber Identity number, Mobile Subscriber Identity Number, International Mobile Equipment Identity number, Universal Mobile Equipment Identity number, Electronic Serial Number, and Mobile Equipment Identity number), and means and

source of payment for service (including any credit card or bank account number), for telephone numbers in contact with **Subject Phone 1**.

IT ISFURTHER ORDERED, pursuant to Title 18, United States Code, Section 2703(c)(1)(A) and Rule 41 of the Federal Rules of Criminal Procedure, that AT&T and any other communications service provider, as defined in Section 2510(15) of Title 18, United States Code, shall assist agents of the Federal Bureau of Investigation by providing all information, facilities and technical assistance to ascertain the physical location of **Subject Phone 1** (the "Requested Location Information") for a period of 30 days.

IT IS FURTHER ORDERED that AT&T and any other communications service provider, as defined in Section 2510(15) of Title 18, United States Code, shall disclose the Requested Location Information concerning **Subject Phone 1**, and initiate a signal to determine the location of **Subject Phone 1** on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the Federal Bureau of Investigation, and shall furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider affords the user of **Subject Phone 1**, at any time of the day or night, good cause having been shown for obtaining such information outside of daytime hours.

IT IS FURTHER ORDERED that the government shall commence execution of this Order with respect to the seizure of the Requested Location Information within 10 days.

IT IS FURTHER ORDERED that within 10 days after the termination of the execution of this Order with respect to the seizure of the Requested Location Information, the government return this Order to the judge designated in this Order, together with an inventory advising this Court of the date and time that acquisition of the Requested Location Information was first initiated and the period during which it was acquired.

IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Section 2706, that all service providers shall be compensated by the government at the prevailing rate for reasonable expenses incurred in furnishing the information, facilities and technical assistance necessary to comply with this Order, except, as provided in Title 18, United States Code, Section 2706(c), for providing records or other information maintained by the service provider that relate to telephone toll records and telephone listings.

IT IS FURTHER ORDERED that the furnishing of said information, facilities and technical assistance by service providers shall terminate after 30 days, measured from the earlier of the day on which service providers begin to furnish such assistance pursuant to this Order, or ten days from the date this Order is entered, unless otherwise ordered by this Court.

IT IS FURTHER ORDERED that no service provider, their representatives, agents, and employees, may disclose in any manner, directly or indirectly, by any action or inaction, to the listed subscriber for **Subject Phone 1**, the subscribers of the incoming calls to or the outgoing calls from **Subject Phone 1**, or to any person, the existence of the Court's order, in full or redacted form, or of this investigation unless ordered by this Court.

IT IS FURTHER ORDERED that this Court's orders and the application be sealed until further notice of this Court, except that copies of the Order to Service Provider, in full or redacted form, may be served by law enforcement officers assisting in the investigation, on any service provider and their representatives, agents, and employees, as necessary to effectuate this Court's Order to Service Provider.

IT IS FURTHER ORDERED that pursuant to Rule 41(f)(3) and Title 18, United States Code, Section 3103a(b), the government may delay notification of the execution of any Order issued in this matter regarding the seizure of the location information with respect to **Subject Phone 1** until January 26, 2017.

ENTERED:

_____
Sara Ellis
Emergency Judge
United States District Court
Northern District of Illinois

DATED: 12/28/16

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
BY _____
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
DATE: DEC 2 8 2016

8