IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>)<br>v. )<br>)<br>)<br>)<br>MICHAEL PERSAUD, )<br>Defendant. )<br>)<br>) | No. 16 CR 793<br>Judge Wood |

**DEFENDANT MICHAEL PERSAUD'S REPLY IN SUPPORT OF HIS
MOTION TO DISMISS INDICTMENT**

Defendant, Michael Persaud, by and through his undersigned counsel, states as follows as his Reply in support of his previously filed Motion to Dismiss the Indictment:

As the Government correctly points out in its Response, one of the means by which the sufficiency of the Indictment is tested is whether it "enables defendant to avoid double jeopardy on this offense." *See* Response at p. 10. Here, although the Government baldly asserts that its Indictment satisfies that standard, it does not.

More specifically, as the Government admits, the purported corporate "victims" are not identified. The Government has made no showing that these corporate entities somehow need to be "protected." More importantly, even if they did, the failure to identify them in the Indictment - except by way of a non-binding and inadmissible discovery letter to Defendant's counsel in

1

connection with the filing of its Response - does *not* insulate Mr. Persaud from further prosecutions (i.e., double jeopardy concerns) related to or arising out of those same entities.

That double jeopardy concern is exacerbated by the fact that the Government has not identified the specific contractual documents, or provisions within them, that it claims Mr. Persaud breached in furtherance of his alleged scheme to defraud. *See* Fed.R.Crim.P. 7(c)(1) (emphasis added); *see also Hamling v. United States*, 418 U.S. 87, 117-118 (1974) ("the essential facts constituting the offense charged" must be present in the Indictment). Therefore, based upon the complete lack of specificity and notice contained within the pending Indictment, Mr. Persaud could certainly be re-tried and re-charged in violation of his double jeopardy rights. This is particularly true where, as here, inadequate notice has been provided to Mr. Persaud and his counsel with regard to what specific contractual documents ("acceptable use policies, terms of service agreements, or both"), and provisions therein, provide the foundation for the charges against Mr. Persaud.

In fact, as previously pointed out by Mr. Persaud in his initial Motion, the Indictment charges that those "acceptable use policies" and "terms of service agreements" prohibited customers such as Mr. Persaud from using those businesses' networks to: 1) send "spam" emails; and 2) send emails containing "falsified email header information." *See* Indictment at p. 2. However, with respect to that latter allegation, the Indictment charges that only **"some"** of the purported "victims" prohibited such activities. *Id.* at p. 1 (emphasis added). Therefore, since the Indictment leaves it entirely open-ended as to *which* victims' contractual documents allegedly prohibited such activities, future prosecutions arising out of Mr. Persaud's interactions with the very same companies and arising out of the very same documents that are both purportedly at issue in this case could be again brought against Mr. Persaud.

In sum, the Indictment clearly does not enable Mr. Persaud "to plead the judgment as a bar to later prosecution for the same offense. *See, e.g., United States v. Agostino*, 132 F.3d 1183, 1189 (7th Cir. 1997); United States v. Allender, 62 F.3d 909, 914 (7th Cir. 1995); United States v. Watkins, 709 F.2d 475, 478 (7th Cir. 1983). For those reasons alone, Mr. Persaud's Motion should be granted and the Indictment and action against him should be dismissed with prejudice.

Finally, the Government has essentially overlooked or ignore the final argument advanced by Mr. Persaud in his Motion. In the Indictment, the Government alleges that Mr. Persaud anticipatorily intended to breach some of the alleged contractual documents at issue by sending emails containing "falsified email header information" (*Id.* at p. 2). Yet, the Indictment simultaneously *admits* that only "some" of the purported victim businesses even prohibited that activity. *Id.* Yet, Mr. Persaud and his counsel are left to speculate and guess about which one of the nine victim businesses did not forbid such contract per their alleged contracts with Mr. Persaud. That cannot be sufficient to provide Mr. Persaud with the "essential facts," let alone to allow him and his counsel to anticipate the Government's case or mount a defense. Perhaps more significantly, it subjects Mr. Persaud to prosecution for the same offense(s) in the future.

**WHEREFORE**, Defendant, Michael Persaud, by and though his undersigned counsel, respectfully requests the entry of an Order dismissing the Indictment, dismissing this case, and for such other and further relief as is appropriate under the circumstances.

                              RESPECTFULLY SUBMITTED,

                    By:    s/Michael I. Leonard
                          **Counsel for Defendant**

## **CERTIFICATE OF SERVICE**

The undersigned states that, on April 29, 2018, he caused the above to be served on counsel of record by way of ECF filing.

**RESPECTFULLY SUBMITTED,**

**By:** **s/Michael I. Leonard**
**Counsel for Defendant**