IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 16-cr-00793 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| MICHAEL PERSAUD ) | |

## ORDER

Defendant's motion to dismiss indictment [43] is denied. See the accompanying Statement for details.

## STATEMENT

A grand jury returned an indictment against Defendant Michael Persaud on December 8, 2016, charging him with ten counts of wire fraud under 18 U.S.C. § 1343. (Indictment, Dkt. Nos. 2, 3.) The Indictment alleges that Persaud defrauded nine victims, identified therein as "Victims A through I," who were in the business of leasing computer network infrastructure for a fee. Each of the victims are alleged to have had policies prohibiting customers who leased their networks from using the network to send "spam" emails. Among the many reasons the victims prohibited the transmission of spam emails on their networks is that "spam could delay the transmission of email and data of the victims' other customers, and cause system outages" and "could cause the victims' IP addresses to be 'blacklisted'—that is block the delivery of emails sent from the victims' IP addresses—and thereby disrupt the victims' ability to provide service for their other clients." (Indictment ¶ 1(e).) In addition, certain victims also had policies that prohibited customers from using the victim's network to send emails containing falsified email header information.

Persaud allegedly devised and participated in a scheme in which he made materially false and fraudulent representations to the victims to gain access to their networks for the purpose of sending spam emails and emails with domains registered in false names. Specifically, Persaud is alleged to have defrauded the victims by falsely representing that he would not use their networks to send spam and assenting to the victims' policies prohibiting the use of their networks to send spam emails. According to the Government, Persaud successfully used the victims' networks to send over a million spam emails to recipients throughout the United States and abroad.

The Indictment further charges that many of the victims caught Persaud sending spam emails and consequently terminated his access to their networks. Yet, even after he was banned by the victims, Persaud was able to regain access to their networks by using aliases such as "Michael Pearson" and "Jeff Martinez." In some instances, Persaud even provided false forms of identification and payment to the victims in support of his false identities. Finally, Persaud is alleged to have engaged in several methods of disguising and concealing from the victims the fact that he was sending spam emails.

Persaud now moves to dismiss the Indictment. (Dkt. No. 43.) He claims that the Indictment should be dismissed because the conduct alleged only rises to the level of ordinary breach of contract, which is insufficient to support criminal charges for a scheme to defraud. Moreover, Persaud asserts that the Indictment lacks the essential facts providing the foundation for the crimes charged.

Under Federal Rule of Criminal Procedure 12(b)(3)(B), a criminal defendant may, prior to trial, move to dismiss an indictment or information as defective. Federal Rule of Criminal Procedure 7(c)(1) requires an indictment or information to provide a "plain, concise, and definite written statement of the essential facts constituting the offense charged." In considering a motion to dismiss an indictment, the Court "must view all facts in the light most favorable to the government." *United States v. Yashar*, 166 F.3d 873, 880 (7th Cir. 1999). In the Seventh Circuit, an indictment is considered "sufficient if it first, contains the elements of the charged offense and fairly informs a defendant of the charge against him which he must defend, and second, enables him to plead double jeopardy as a bar to a future prosecution." *United States v. Locklear*, 97 F.3d 196, 199 (7th Cir. 1996) (internal quotation marks omitted). "The question before a court on a motion to dismiss is not whether the indictment alleges facts from which a jury could find that a defendant violated a given statute, but whether the Government conceivably could produce such evidence at trial." *United States v. Segal*, 299 F. Supp. 2d 840, 844 (N.D. Ill. 2004).

The Court first must determine whether the Indictment contains the elements of the charged offense. Persaud has been charged with wire fraud under 18 U.S.C. § 1343. To prove wire fraud, the Government must establish that Persaud: "(i) participated in a scheme to defraud; (ii) acted with intent to defraud; and (iii) used the . . . wires in furtherance of the fraudulent scheme." *United States v. Vincent*, 416 F.3d 593, 600 (7th Cir. 2005). The statute "reaches any scheme to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises." *United States v. Yihao Pu*, 15 F. Supp. 3d 846, 850 (N.D. Ill. 2014).

Persaud claims that the Government has failed to allege a scheme to defraud because the conduct set forth in the Indictment does not rise above mere breach of contract. However, the Indictment does not merely allege that Persaud breached his contracts with the victims by sending out spam email in violation of the victims' policies. Instead, the Indictment sets forth numerous fraudulent acts undertaken by Persaud to gain access to the victims' networks and then regain access after he was banned from their services. For example, Persaud's provision of fake names and fake identification documents to the victims was fraudulent activity rising beyond an ordinary breach of contract. And that fraudulent behavior deprived the victims of a property right—namely the ability to control and exclude the individuals using its networks. *Cf. Kaiser Aetna v. United States*, 444 U.S. 164, 176 (stating that "the right to exclude others" is "one of the most essential sticks in the bundle of rights that are commonly characterized as property"); *United States v. Schwartz*, 924 F.2d 410, 421 (2d Cir. 1991) (finding a scheme to defraud even though the victim was fully compensated for the equipment purchased by the defendant because the defendant falsely told the victim it would adhere to certain conditions and the victim stated it would not have consummated the sale if not for the defendant's fraudulent representations). The Indictment also adequately alleges that Persaud had an intent to defraud and that he used the wires in furtherance of his scheme. Persaud does not raise any argument to the contrary.

      Even if the Indictment adequately sets forth a scheme to defraud, Persaud claims that it nonetheless fails to supply him the essential facts in order to provide him sufficient notice of what the Government intends to prove. The first deficiency Persaud identifies is that the indictment does not identify the victims but instead refers to them anonymously. However, that is not sufficient to compel dismissal here. Indeed, indictments routinely identify victims anonymously. *See, e.g.*, *United States v. Corrigan*, No. 13-CR-915, 2016 WL 4945013, at *2 (N.D. Ill. Sept. 15, 2016). Moreover, the "identity of the fraud victims is not an essential element of the crime of mail [or wire] fraud. This is because the focus of the fraud statutes is on the defendant's intent and not the victim." *United States v. Reddy*, No. 1:09-CR-0483-ODE/AJB, 2010 WL 3210842, at *19 (N.D. Ga. Apr. 5, 2010); *see also United States v. Henningsen*, 387 F.3d 585, 590 (7th Cir. 2004) ("The crime of mail fraud does not include an element requiring a contemplated harm to a specific, identifiable victim."). And finally, the Government has privately provided the names of the victims to Persaud, it just has not made that information publicly known. (*See* Opp'n at 9 n.2, Dkt. No. 44.)

      Persaud's other attacks on the sufficiency of allegations in the Indictment are equally unavailing. Neither the requirement that the indictment fairly inform the defendant of the charge nor the requirement that it enable the defendant to guard against double jeopardy "require the recitation of specific case names, dates, times, and places." *United States v. Glecier*, 923 F.2d 496, 500 (7th Cir. 1991). Indeed, the Seventh Circuit has made clear that an indictment need not meet the civil pleading standards necessary to survive a motion under Federal Rule of Civil Procedure 12(b)(6). *United States v. Vaughn*, 722 F.3d 918, 926 (7th Cir. 2013). Thus, Persaud's complaint that the Indictment fails to allege specific facts concerning his contractual relationship with each victim does not warrant dismissal. *Cf. id.* (declining to dismiss an indictment charging the defendant with conspiracy to distribute heroin based on the indictment's failure to allege facts addressing any particular drug transactions). Instead, the Court finds that the Indictment sets forth enough facts to inform Persaud of the charges against him adequately and to allow him to plead double jeopardy as a bar to future prosecution.

Dated: November 7, 2018

                                            Andrea R. Wood
                                            United States District Judge