UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 16 CR 793 |
| v. | |
| MICHAEL PERSAUD, | Judge Andrea R. Wood |
| also known as "Michael Pearson," | |
| "Michael Prescott," and "Jeff Martinez" | |

## **JOINT STATEMENT**

The United States of America, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, and defendant MICHAEL PERSAUD, by his attorneys Sami Z. Azhari and Michael I. Leonard respectfully submit the following Joint Statement, as directed by the Court. Dkt. No. 88. The parties agree to the use of the JERS system at trial.

**Joint Statement of the Case** ........................................................................... 1

**Government's Proposed *Voir Dire*** ............................................................ 3

**Defendant's Proposed *Voir Dire*** ............................................................ 6

**Proposed Joint and Government Jury Instructions** ........................................... 9

Dated: January 8, 2021

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:   /s/ *Shoba Pillay*
      SHOBA PILLAY
      Assistant United States Attorney
      219 South Dearborn St., 5th Fl.
      Chicago, Illinois 60604
      (312) 353-5300

Respectfully submitted,
Counsel for Defendant PERSAUD

By:   /s/ *Sami Z Azhari*
      SAMI Z. AZHARI
      Azhari LLC
      30 N. LaSalle Street, Suite 2140
      Chicago, IL 60602
      (312) 626-2871

By:   /s/ *Michael I. Leonard*
      MICHAEL I. LEONARD
      Leonard Meyer LLP
      120 North LaSalle, Suite 2000
      Chicago, IL 60602
      (312) 380-6559

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL PERSAUD,
  also known as "Michael Pearson,"
  "Michael Prescott," and "Jeff Martinez"

No. 16 CR 793

Judge Andrea R. Wood

## JOINT PROPOSED STATEMENT OF THE CASE

Defendant MICHAEL PERSAUD is alleged to have engaged in a scheme to defraud certain businesses by leasing their networks for the purpose of email marketing in violation of their policies prohibiting the use of their networks for such purpose.

Based on these allegations, defendant is charged in an indictment with 10 counts of wire fraud.

Defendant MICHAEL PERSAUD has pled not guilty to the indictment.

Defendant MICHAEL PERSAUD is presumed to be not guilty of the charges in the indictment.

Dated:        January 8, 2021

Respectfully submitted,                          Respectfully submitted,

JOHN R. LAUSCH, JR.                              Counsel for Defendant PERSAUD
United States Attorney

                                                 By:   /s/ Sami Z Azhari
By:   /s/ Shoba Pillay                                  SAMI Z. AZHARI
      SHOBA PILLAY                                      Azhari LLC
      Assistant United States Attorney                  30 N. LaSalle Street, Suite 2140
      219 South Dearborn St., 5th Fl.                   Chicago, IL 60602
      Chicago, Illinois 60604                           (312) 626-2871
      (312) 353-5300

                                                 By:   /s/ Michael I. Leonard
                                                       MICHAEL I. LEONARD
                                                       Leonard Meyer LLP
                                                       120 North LaSalle, Suite 2000
                                                       Chicago, IL 60602
                                                       (312) 380-6559

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 16 CR 793 |
| v. | |
| | Judge Andrea R. Wood |
| MICHAEL PERSAUD, | |
| also known as "Michael Pearson," | |
| "Michael Prescott," and "Jeff Martinez" | |

## **GOVERNMENT'S PROPOSED VOIR DIRE**

The United States of America, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully requests that, in addition the Court's *voir dire* questions, the Court inquire of the venire as to the following:

1. Do you have any health issues that would preclude you from giving this case your full attention?

2. Do you have any difficulty speaking, reading, or understanding English?

3. Have you ever served on a jury or grand jury?

4. Have you ever testified in court, before a grand jury, or in a deposition?

5. Have you ever had any legal training or taken any law courses or worked in a law office? If so, please describe the circumstances.

6. Do you have any close friends or relatives who are lawyers, judges, or court personnel?

7. Have you ever been questioned as part of any criminal investigation?

8.     Have you a family member ever made a claim against the United States Government?

9.     Has the United States government ever made a claim against your or your family member?

10.     Do you have any training or experience in IP hosting, email servers, SMTP servers, or spam filters?

11.     This case was investigated by agents with the Federal Bureau of Investigation. Do you have any feelings about the FBI or its agents or employees that might make it difficult for you to be fair and impartial? Do you have any feelings about any other law enforcement or government agency that would make it difficult for you to be fair and impartial?

12.     This case involves spam email. Do you have any feelings about spam email that might make it difficult for you to be fair and impartial?

13.     Have you had any experiences that would make it difficult for you to judge another person who is alleged to have committed a crime?

14.     Have you, any relatives, or close friends ever been arrested or charged with a crime, convicted of a crime, or jailed or imprisoned?  If so, please state whether this experience left you with any strong feelings regarding law enforcement officers, police officers, prosecutors, defense attorneys, or the criminal justice system.

15.     Have you, close family members, or close friends ever been a victim of a crime or a witness to a crime?  If so, please state whether this experience left you with

2

any strong feelings regarding law enforcement officers, police officers, prosecutors, defense attorneys, or the criminal justice system.

16. At times during this case, the Court will instruct you about the applicable law. It is your obligation to follow the Court's instructions about the law whether you agree with the law or not. Do you have any difficulty with the notion that you must accept and follow the Court's instructions about the law?

17. Do you hold any religious, philosophical, moral, or other beliefs that would make it difficult for you to judge the actions of another person?

18. Is there anything that might make it difficult for you to be fair to either the government or Mr. Persaud, the defendant in this case.

Dated:          January 8, 2021          Respectfully submitted,

                                           JOHN R. LAUSCH, JR.
                                           United States Attorney

                                   By: */s/ Shoba Pillay*
                                           SHOBA PILLAY
                                           Assistant United States Attorney
                                           219 South Dearborn Street, 5th Floor
                                           Chicago, Illinois 60604
                                           (312) 353-5300

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 16 CR 793 |
| v. | |
| | Judge Andrea R. Wood |
| MICHAEL PERSAUD, | |
| also known as "Michael Pearson," | |
| "Michael Prescott," and "Jeff Martinez" | |

## DEFENDANT'S PROPOSED *VOIR DIRE*

Defendant, Mr. Persaud, by and through his undersigned counsel, provides the following

proposed questions for *voir dire* purposes:

1.   The Government will likely present testimony at trial from members or former members of law enforcement agencies. Do you understand that any such witness is not entitled to any greater consideration by you, and that you must evaluate the testimony and credibility of each member or former members of law enforcement just like you do any other witness who is involved with this trial? Do you accept these principles?

2.   Do you or your family members know any person who currently works for, or used to work for, any law enforcement agency of any kind in any capacity? Please explain.
Would your knowledge of any such members or former members of law enforcement impede your ability to be fair and impartial in this case?

3. Do you understand that the allegations being made against Mr. Persaud are accusations and that he is presumed innocent of each of these accusations throughout this entire trial?

4.   Do you understand that Mr. Persaud has an absolute right not to testify at this trial, and that if he does not testify at this trial, you may not consider that fact at all as part of your deliberations and consideration of the allegations made against him? Do you accept this principle?

5.   Do you understand that Mr. Persaud and his counsel do not have an obligation to present any evidence at all at trial, including after the Government rests its case? Do you accept this principle?

6.   If you find that the Government has not proven the allegations against Mr. Persaud beyond a reasonable doubt, will you be able to render a verdict in favor of Mr. Persaud? Do you accept this principle?

7.   Would others describe you as open minded and willing to listen and assess different

viewpoints? Would you describe yourself as open minded and willing to listen and assess different viewpoints?

8.   List all cities or suburbs where you have lived for the last ten years (if Chicago, please identify what part of Chicago; for example, South Side, Rogers Park, etc.)

9.   Do you own your home or rent it?

10. State your highest level of education and all degrees that you hold.

11. State your current occupation, name of your employer, and number of years employed there (if you are retired, please give this information about your last occupation)

12. What other jobs and employers have you had during your working life?

13. If you are married, describe your spouse's occupation, employer, and number of years worked there (if spouse is retired, please give this information about past employment)

14. State employment information about others who live with you (for example, children, parents, roommate), and any adult children.

15. What newspapers and magazines do you read regularly?

16. What TV or radio shows, TV or radio news shows, and TV or radio talk shows do you watch or listen to regularly?

17. What are your hobbies and major interests outside work?

18. In the last five years, have you done any volunteer work?

19. List any organizations you belong to or participate in (for example, union, professional, church, social, fraternal, recreational, political, etc.)

20. Have you ever applied for a job with a law enforcement agency or security-related business?

21. Have you, or any relatives or close friends, ever been arrested, charged with a crime, or convicted of a crime?

23. Have you, or any relatives or close friends, ever been the victim of a crime?

24. Have you, or any relatives or close friends, ever been a witness to a crime?

25.     Have you, or any relatives or close friends, ever had any type of encounter with a police officer, or with any law enforcement officer, that left you (or the relative or friend) with strongly positive or strongly negative feelings?

26. Have you ever served on a jury?  If yes, how many times?

27. Have you ever testified in court or in a deposition?

28. Have you or any family member ever been party to a lawsuit? (This includes lawsuits you may have been involved in through your work).

29. Do you have any family members or close friends who are lawyers or work in the court system?

30. Is there anything at all about the subject of this case that might make it difficult for you to be fair to one side or the other?  If so, please explain.

31. Are there any other facts or circumstances that you can think of that might affect your ability to serve as a fair and impartial juror in this case?  If so, please explain.

32. Would you be more willing to believe the testimony of a law enforcement officer than another witness who is not a law enforcement officer?

**RESPECTFULLY SUBMITTED,**

By: **s/Sami Azhari                        **
**One of the Attorneys for Mr. Persaud**

**Azhari LLC**
Sami Azhari
30 North LaSalle Street
Suite 2140
Chicago, Illinois 60602
(312)626-2871 (direct)
sazhari@azharillc.com

**LEONARDMEYER, LLP**
Michael I. Leonard
120 North LaSalle – 20th Floor
Chicago, Illinois 60602
(312)380-6659 (direct)
(312)264-0671 (fax)
mleonard@leonardmeyerllp.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 16 CR 793 |
| v. | Judge Andrea R. Wood |
| MICHAEL PERSAUD,<br>   also known as "Michael Pearson,"<br>   "Michael Prescott," and "Jeff Martinez" | |

## JOINT PROPOSED JURY
## INSTRUCTIONS AND VERDICT FORM

The United States of America, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, and defendant MICHAEL PERSAUD, by his attorneys Sami Z. Azhari and Michael I. Leonard respectfully submit the following joint proposed jury instructions, government proposed instructions (to which defendant objects), and joint proposed verdict form.

Date: January 8, 2021

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:  /s/ Shoba Pillay
SHOBA PILLAY
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5300

Respectfully submitted,

Counsel for Defendant Persaud

By:  /s/ Sami Z Azhari
SAMI Z. AZHARI
Azhari LLC
30 N. LaSalle Street, Suite 2140
Chicago, IL 60602
(312) 626-2871

By:  /s/ Michael I. Leonard
MICHAEL I. LEONARD
Leonard Meyer LLP
120 North LaSalle, Suite 2000
Chicago, IL 60602
(312) 380-6559

Joint Statement Page 010

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give each of you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

JOINT INSTRUCTION NO. 1.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018) 1.01

2

Joint Statement Page 011

The charges against the defendant are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendant committed the crime of wire fraud. The defendant has pled not guilty to the charges.

The indictment is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

JOINT INSTRUCTION NO. 2.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018) 1.02

3

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

A defendant is never required to prove his innocence. He is not required to produce any evidence at all.

JOINT INSTRUCTION NO. 3.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018) 1.03

4

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, and the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he or she thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

JOINT INSTRUCTION NO. 4.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018) 2.01

5

Joint Statement Page 014

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

JOINT INSTRUCTION NO. 5.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018) 2.02

6

Joint Statement Page 015

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

JOINT INSTRUCTION NO. 6.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018) 2.03

7

Joint Statement Page 016

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

[You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.]

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

JOINT INSTRUCTION NO. 7.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018) 2.04

8

Joint Statement Page 017

[The defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that the defendant did not testify or present evidence. You should not even discuss it in your deliberations.]

JOINT INSTRUCTION NO. 8.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018) 2.05

9

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness's ability and opportunity to see, hear, or know the things the witness testified about;

- the witness's memory;

- the witness's demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness's testimony in light of the other evidence presented; and

- inconsistent or consistent statements or conduct by the witness.

JOINT INSTRUCTION NO. 9.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018) 3.01

9

It is proper for an attorney to interview any witness in preparation for trial.

JOINT INSTRUCTION NO. 10.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018) 3.02

Joint Statement Page 020

You have heard testimony that the defendant made a statement to Special Agent Jill Dring. You must decide whether the defendant actually made the statement and, if so, how much weight to give to the statement. In making these decisions, you should consider all of the evidence, including the defendant's personal characteristics and circumstances under which the statement may have been made.

JOINT INSTRUCTION NO. 11.

Seventh Circuit Pattern (2018) 3.09

11

You have heard witnesses who gave opinions and testimony about certain subjects, namely: (1) Dr. John Levine, who gave opinions and testimony about how emails systems and spam emails work [*pending Daubert litigation*]; and (2) Kerry Kolecheck, who gave opinions and testimony about the forensic examination of the defendant's laptop. You do not have to accept any of these witnesses' opinions and testimony. You should judge each witness's opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness's qualifications, how the witness reached his or her opinions and conclusions, and the factors I have described for determining the believability of testimony.

JOINT INSTRUCTION NO. 12.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018) 3.13

12

Certain summaries were admitted in evidence. You may use those summaries as evidence even though the underlying evidence is not here.

[The accuracy of the summaries has been challenged. [The underlying evidence has also been admitted so that you may determine whether the summaries are accurate.]]

[It is up to you to decide how much weight to give to the summaries.]

JOINT INSTRUCTION NO. 13.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018) 3.16

13

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

JOINT INSTRUCTION NO. 14.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018) 3.18

14

The indictment charges that the crimes happened "on or about" certain dates. The government must prove that the crimes happened reasonably close to the dates. The government is not required to prove that the crimes happened on those exact dates.

JOINT INSTRUCTION NO. 15.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018) 4.05

15

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charges.

JOINT INSTRUCTION NO. 16.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018) 4.06

16

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

JOINT INSTRUCTION NO. 17.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018) 4.08

17

The indictment charges the defendant with ten counts of wire fraud. In order for you to find the defendant guilty of each charge, the government must prove each of the four following elements beyond a reasonable doubt:

1.     That the defendant knowingly devised or participated in a scheme to defraud, as described in the particular count of the indictment; and

2.     That the defendant did so with the intent to defraud; and

3.     The scheme to defraud involved a materially false or fraudulent pretense, representation, or promise; and

4.     That for the purpose of carrying out the scheme or attempting to do so, the defendant caused interstate wire communications to take place in the manner charged in the particular count; and

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find that defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find that defendant not guilty of that charge.

GOVERNMENT INSTRUCTION NO. 18.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018) 4.08. and p. 537 (18 U.S.C. §§ 1341 and 1343 Mail/Wire/Carrier Fraud – Elements)

18

Joint Statement Page 028

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

JOINT INSTRUCTION NO. 19.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018) 4.10

19

A scheme is a plan or course of action formed with the intent to accomplish some purpose.

A scheme to defraud is a scheme that is intended to deceive or cheat another and to obtain money or property or cause the potential loss of money or property to another by means of materially false or fraudulent pretenses, representations or promises.

A materially false or fraudulent pretense, representation, or promise may be accomplished by an omission or the concealment of material information.

GOVERNMENT INSTRUCTION NO. 20.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018), p. 541 (18 U.S.C. §§ 1341 and 1343 Definition of Scheme to Defraud)

20

In considering whether the government has proven a scheme to defraud, the government must prove that one or more of the false or fraudulent pretenses, representations or promises charged in the portion of the indictment describing the scheme be proved beyond a reasonable doubt. The government, however, is not required to prove all of them.

GOVERNMENT INSTRUCTION NO. 21.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018), p. 544 (18 U.S.C. §§ 1341 and 1343 Proof of Scheme)

21

A false or fraudulent pretense, representation, or promise is "material" if it is capable of influencing the decision of the party to which it was addressed.

It is not necessary that the false or fraudulent pretense, representation, promise, omission, or concealment actually have that influence or be relied on by the alleged victim, as long as it is capable of doing so.

GOVERNMENT INSTRUCTION NO. 22.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018), p. 546 (18 U.S.C. §§ 1341 and 1343 Definition of Material)

22

Joint Statement Page 032

A person acts with intent to defraud if he acts knowingly with the intent to deceive or cheat the victim in order to cause a gain of money or property to the defendants or another or the potential loss of money or property to another.

GOVERNMENT INSTRUCTION NO. 23.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018), p. 548 (18 U.S.C. §§ 1341 and 1343 Definition of Intent to Defraud)

23

Intent may be proved directly or you may infer a defendant's intent from the surrounding circumstances. You may consider any statement or evidence of any action made or omitted by the defendant, and all other facts and circumstances in evidence which indicate his state of mind.

GOVERNMENT INSTRUCTION NO. 24.

*United States v. Daniel*, 749 F.3d 608, 614-15 (7th Cir. 2014)

*United States v. Jackson*, 540 F.3d 578, 594-95 (7th Cir. 2008)

*United States v. Marr*, 11 CR 024 (N.D. Ill. 2018) (Castillo, J.)

24

Joint Statement Page 034

The wire fraud statute can be violated whether or not there is any loss or damage to the victim of the crime or gain to the defendants.

GOVERNMENT INSTRUCTION NO. 25.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018), 556 (18 U.S.C. §§ 1341 and 1343 Success Not Required)

25

Joint Statement Page 035

E-mails and wire transfer of funds constitute transmission by means of wire communication.

GOVERNMENT INSTRUCTION NO. 26.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018), 557 (18 U.S.C. § 1343 Wire Communication)

26

The government must prove that interstate communication facilities were used to carry out the scheme, or were incidental to an essential part of the scheme.

In order to cause interstate wire communications to take place, the defendant need not actually intend that use to take place. You must find that the defendant knew this use would actually occur, or that the defendant knew that it would occur in the ordinary course of business, or that the defendant knew facts from which that use could reasonably have been foreseen. However, the government does not have to prove that the defendant knew that the wire communication was of an interstate nature.

Although an item communicated interstate need not itself contain a fraudulent representation or promise or a request for money, it must carry out or attempt to carry out the scheme.

Each separate use of interstate communication facilities in furtherance of the scheme to defraud constitutes a separate offense.

GOVERNMENT INSTRUCTION NO. 27.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018), 558-59 (18 U.S.C. §§ 1341 and 1343 Use of Mails/Interstate Carrier/Interstate Communication Facility)

27

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, MySpace, LinkedIn, YouTube, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

28

Joint Statement Page 038

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6-6, or 8-4, or whatever your vote happens to be.

JOINT INSTRUCTION NO. 28.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018) 7.01

29

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict forms.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the appropriate verdict forms. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, [I; the clerk] will read the verdicts aloud.

JOINT INSTRUCTION NO. 29.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018) 7.02

30

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

JOINT INSTRUCTION NO. 30.

7th Cir. Pattern Crim. Fed. Jury Instructions (2018) 7.03

Joint Statement Page 041

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 16 CR 793 |
| v. | |
| | Judge Andrea R. Wood |
| MICHAEL PERSAUD, <br> also known as "Michael Pearson," <br> "Michael Prescott," and "Jeff Martinez" | |

With respect to Count One in the indictment, we, the jury, find as follows as to defendant MICHAEL PERSAUD:

NOT GUILTY ☐         GUILTY ☐

With respect to Count Two in the indictment, we, the jury, find as follows as to defendant MICHAEL PERSAUD:

NOT GUILTY ☐         GUILTY ☐

With respect to Count Three in the indictment, we, the jury, find as follows as to defendant MICHAEL PERSAUD:

NOT GUILTY ☐         GUILTY ☐

With respect to Count Four in the indictment, we, the jury, find as follows as to defendant MICHAEL PERSAUD:

NOT GUILTY ☐         GUILTY ☐

With respect to Count Five in the indictment, we, the jury, find as follows as to defendant MICHAEL PERSAUD:

NOT GUILTY     □         GUILTY     □

With respect to Count Six in the indictment, we, the jury, find as follows as to defendant MICHAEL PERSAUD:

NOT GUILTY     □         GUILTY     □

Wth respect to Count Seven in the indictment, we, the jury, find as follows as to defendant ROBERT O'ROURKE:

NOT GUILTY     □         GUILTY     □

With respect to Count Eight in the indictment, we, the jury, find as follows as to defendant ROBERT O'ROURKE:

NOT GUILTY     □         GUILTY     □

With respect to Count Nine in the indictment, we, the jury, find as follows as to defendant ROBERT O'ROURKE:

NOT GUILTY     □         GUILTY     □

With respect to Count Ten in the indictment, we, the jury, find as follows as to defendant ROBERT O'ROURKE:

NOT GUILTY☐GUILTY☐

_____

FOREPERSON

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Date