UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL PERSAUD | No.: 16 CR 793<br><br>Judge Andrea R. Wood |

## AGREEMENT TO DEFER PROSECUTION

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, and the defendant, MICHAEL PERSAUD, and his attorney, SAMI AZHARI and MICHAEL LEONARD, hereby agree to the following:

Defendant has been charged by indictment with violations of Title 18, United States Code, Section 1343 (wire fraud). Defendant understands that he has a right to have his guilt or innocence of the charges determined by a jury of his peers under the terms of the Speedy Trial Act, Title 18, United States Code, Section 3161, *et seq*. By signing this agreement, defendant agrees that, pursuant to Title 18, United States Code, Section 3161(h)(2), the period during which this prosecution is delayed pursuant to this Agreement is to be excluded in computing the time within which the trial in this case must commence under the Speedy Trial Act. Defendant knowingly waives his right to assert that his trial did not occur within the time limits prescribed by the Speedy Trial Act.

Upon execution of this Agreement, the United States Attorney will move the district court, pursuant to Title 18, United States Code, Section 3161(h)(2), to defer the prosecution of defendant on the indictment for 12 months for the purpose of allowing defendant to demonstrate his good conduct during this period. For the purpose of demonstrating his good conduct, defendant agrees to abide by the conditions and requirements of this Agreement set out below.

### Conditions of Pretrial Diversion

Defendant shall not violate any federal, state, or local law (excluding minor traffic and parking infractions).

Defendant shall immediately contact the assigned pretrial diversion supervisor if arrested and/or questioned by any law enforcement officer for any

1

reason.

Defendant shall report as directed to the assigned pretrial services supervisor, comply with his or her instructions.

Defendant shall refrain from knowingly contacting any of the following entities without the express, advance permission of Pretrial Services and the government: Sharktech; Single Hop; Optilink; Gorilla Services; Reliable Site.

Defendant shall pay to the government restitution in the amount of $1,800 for the costs incurred by victims caused by defendant's conduct, including but not limited to the costs for removing IP addresses from blacklists.

Nothing in this Pretrial Diversion Agreement abrogates the Pretrial Conditions imposed by the District Court of Arizona on January 12, 2017, in Case No. 17-8020, or by the Northern District of Illinois on February 7, 2017, in Case No. 16 CR 793, and defendant remains bound by those court orders.

## Admissions by Michael Persaud

By signing this Agreement, defendant admits the following facts and agrees that these admissions may be used against him in any proceeding for any purpose, including as admissions, in the event that the government subsequently determines that he has breached this Agreement and the United States resumes or institutes prosecution of the charges against defendant in the indictment, or any other charge:

Beginning no later than April 2012 and continuing until at least 2015, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant MICHAEL PERSAUD, also known as "Michael Pearson," "Michael Prescott," and "Jeff Martinez," falsely and fraudulently represented to Victims A through I that he would not use their networks to send bulk emails or emails concealing the origin of the emails, in order to gain access to the victims' computer systems. At the time that defendant made these representations and promises, defendant intended to use, and did use, the victims' networks to send bulk emails and emails using domains registered in false names. The victims relied on Defendant's false statements and leased him network space, which they would not have provided him access to the network if they knew Defendant's true plan to send bulk emails and emails concealing the origination.

When confronted by victims about unsolicited email complaints, defendant fraudulently represented that he sent only "solicited" emails, when he knew that he had sent millions of unsolicited emails. Defendant's conduct caused the victims' IP

addresses to be added to "IP blacklists," thereby diminishing the value of those IP addresses.

On or about February 14, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, MICHAEL PERSAUD, also known as "Michael Pearson," Michael Prescott," and "Jeff Martinez," defendant herein, for the purpose of executing the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an email transmitted through a server located in Chicago, Illinois, from Victim F to defendant PERSAUD, using the alias "Michael Pearson," identifying the server and IP addresses leased by defendant, in violation of Title 18, United States Code, Section 1343.

## Further Agreements Between the Parties

If, at any point during the period of this Agreement, defendant violates any condition of this Agreement, the United States Attorney may unilaterally revoke or modify any conditions of this Pretrial Diversion Agreement and/or change the period of supervision, which shall in no case exceed twelve months. The United States Attorney may release defendant from supervision at any time. The United States Attorney may at any time within the period of defendant's supervision initiate prosecution for this offense should defendant violate the conditions of this Agreement. In this case the government will furnish defendant with notice specifying the conditions of the Agreement which defendant has violated. Determination of whether defendant has violated this Agreement shall be within the sole discretion of the United States Attorney.

If defendant successfully completes this diversion program and fulfills all the terms and conditions of the Agreement, the government will move the Court to dismiss the indictment against defendant.

Defendant understands that this Agreement is a public document and may be disclosed to any party.

Defendant understands that pursuant to Title 18, United States Code, Section 3161(h)(2), this Agreement is subject to approval by the Court. Should the Court refuse to approve, and thereby reject, this Agreement, neither party shall be bound to any term of this Agreement, and no admissions in this Agreement may be used against defendant.

## Waiver of Claims Arising From Delay

I, MICHAEL PERSAUD, assert and certify that I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all

criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also am aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information or in bringing a defendant to trial. I hereby request the United States Attorney for the Northern District of Illinois to defer any prosecution of me for a violation of Title 18, United States Code, Section 1343 (wire fraud) for the period of 12 months, and to induce the United States Attorney to defer such prosecution I agree and consent that any delay from the date of this Agreement to the date of initiation of prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request, and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of months equal to the period of this agreement.

Defendant acknowledges that he has read this Agreement and has carefully reviewed each provision with his attorney. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

_____  Date: 6/11/21
MICHAEL PERSAUD


_____  Date: 6/11/21
SAMI AZHARI
Attorney for Michael Persaud

STEVEN DOLLEAR  Digitally signed by STEVEN DOLLEAR
Date: 2021.06.07 20:33:12 -05'00'
_____
Signed by Steven J. Dollear on behalf of
JOHN R. LAUSCH, JR.
United States Attorney

5